# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| WILLIE WHITE,<br><br>Plaintiff,<br><br>v.<br><br>SGT. E. SUMMERVILLE, *et al.*,<br><br>Defendants. | CIVIL ACTION NO. 3:25-cv-02213<br><br>(SAPORITO, J.) |

## ORDER

Defendants move to dismiss plaintiff Willie White's complaint with prejudice for failure to state a claim for relief. (Doc. 28).[1] For the following reasons, the motion will be granted in part. White will have a final opportunity to file a viable amended complaint within 30 days, or the case will be dismissed with prejudice.

## I. Background

White, a prisoner at SCI-Benner Township proceeding *pro se*,

[1] Subsequently, defendants moved for an order to show cause why the case should not be dismissed for White's failure to prosecute it. (Doc. 34). This motion will be denied; despite White's failure to respond directly to the motion to dismiss, it is apparent that he has not abandoned this case. *See* (Doc. 35); *Donnelly v. Johns-Manville Sales Corp.*, 677 F.2d 339, 342 (3d Cir. 1982) (dismissal is "reserved for those cases where there is a clear record of delay or contumacious conduct by the plaintiff").

asserts claims of excessive force arising from an incident at the prison on July 13, 2025. He filed this second amended complaint after the Court permitted limited discovery to identify defendants who were involved in the alleged excessive force. *See* (Doc. 9, ¶ 5). In this version of the complaint (Doc. 23), White names Superintendent Bradley Booher and eight correctional officers as defendants.[2]

As relevant here[3], White alleges that on July 13, he suffered a "diabetic episode," which caused "dizziness, loss of equilibrium, and the shakes." White "[fell] to his knees feeling insatiably hungry." At some unspecified time, he "was awakened/regained consciousness by a strong suffocating odor and subjugating cough." He alleges that he was subjected to "profane, disparating [sic] language/overtures and deterrence being employed verbally and physically (as body punches are being deployed to the back of my person inconspicuously)."

---

[2] The correctional officers are Sgt. E. Summerville, CO1 W. Emigh, CO1 Beckly, CO1 McElwain, CO1 Gettig, CO1 C. Clark, CO1 A. McDowell, and CO1 O. Ortiz.

[3] As with White's prior complaints, this complaint is "peppered with legal buzzwords" and florid language, much of which has no plausible application in this context. *See Taylor v. Pennsylvania*, No. 17-CV-3369, 2018 WL 6574187, at *26 (E.D. Pa. Dec. 12, 2018). Our summary is limited to the facts relevant to his claims of excessive force.

White claims that his Eighth Amendment rights were violated "by the assault and excessive force," which "involv[ed] the 8 defendants." The Court directed service of the complaint on the eight correctional officers based on White's claims of excessive force, but dismissed all other intended claims, including any claims against Booher. *See* (Doc. 24).

## II. LEGAL STANDARDS

"Under Rule 12(b)(6), a motion to dismiss may be granted only if, accepting all well-pleaded allegations in the complaint as true and viewing them in the light most favorable to the plaintiff, a court finds the plaintiff's claims lack facial plausibility." *Warren Gen. Hosp. v. Amgen Inc.*, 643 F.3d 77, 84 (3d Cir. 2011) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555–56 (2007)). In deciding the motion, the Court may consider the facts alleged on the face of the complaint, as well as "documents incorporated into the complaint by reference, and matters of which a court may take judicial notice." *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007). Although the Court must accept the fact allegations in the complaint as true, it is not compelled to accept "unsupported conclusions and unwarranted inferences, or a legal conclusion couched as a factual allegation." *Morrow v. Balaski*, 719 F.3d

160, 165 (3d Cir. 2013) (quoting *Baraka v. McGreevey*, 481 F.3d 187, 195 (3d Cir. 2007)). Because White proceeds *pro se*, his pleadings must be liberally construed and his complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

White's Eighth Amendment claims fall under 42 U.S.C. § 1983, which provides a private cause of action for the violation of federal constitutional rights. To establish a Section 1983 claim, the plaintiff must establish that the defendant, acting under color of state law, deprived the plaintiff of a right secured by the United States Constitution. *Mark v. Borough of Hatboro*, 51 F.3d 1137, 1141 (3d Cir. 1995). To avoid dismissal for failure to state a claim, a civil rights complaint must state the conduct, time, place, and persons responsible for the alleged civil rights violations. *Evancho v. Fisher*, 423 F.3d 347, 353 (3d Cir. 2005).

## III. Discussion

In this case, defendants seek dismissal for failure to state a claim because White "failed to state a short and plain statement against each of them as to what they each allegedly did or allegedly knew." (Doc. 29 at 5). Under Federal Rule of Civil Procedure 8(a)(2), a complaint must

contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "In assessing whether a pleading satisfies Rule 8, there is no bright-line rule to be applied . . . The circumstances surrounding the particular pleading, including the nature of the action, the sort of relief being sought, the availability of information, and other practical considerations must guide the inquiry into whether the litigant's statement of his claim qualifies as 'short and plain.'" *Garrett v. Wexford Health*, 938 F.3d 69, 93 (3d Cir. 2019).

We interpret White to allege that some or all the defendants deployed "body punches" to him during his diabetic episode on July 13, 2025. *See Shorter v. United States*, 12 F.4th 366, 371 (3d Cir. 2021) (courts must "accept the factual allegations in the complaint as true and construe them in the light most favorable to the plaintiff"). We also construe him to allege that he was unconscious immediately prior to the alleged assault and that he was unable to see the officers' faces.[4] We have considered these facts in assessing whether there is "a reasonable expectation that discovery will reveal evidence" to support a viable claim,

[4] *See* (Doc. 23 at 1) (referring to the eight defendants' "masked/concealed faces").

notwithstanding the lack of detail in the complaint. *See Fowler v. UPMC Shadyside*, 578 F.3d 203, 213 (3d Cir. 2009) (quotation and citations omitted); *Tolliver v. Thompson*, No. 21-CV-1768-RGA, 2024 WL 1282758, at *3 (D. Del. Mar. 26, 2024) (declining to dismiss a complaint for the failure to allege details of which the plaintiff "[could] not have personal knowledge at this stage of the proceedings").

However, even considering these circumstances, White has not stated a viable claim for relief. To establish personal involvement for a Section 1983 claim, a plaintiff cannot rest on a general allegation that "defendants" collectively performed an action. *See Lawal v. McDonald*, 546 F. App'x 107, 113-14 (3d Cir. 2014); *Ojeda v. Louis Berger Grp.*, No. 18-CV-17233-KMBC, 2021 WL 941875, at *5 (D.N.J. Mar. 11, 2021) (explaining that "Section 1983 cases . . . are particularly inhospitable to collective allegations because a § 1983 action must allege personal involvement") (quotation and citations omitted). Although collective allegations are not entirely forbidden, a Section 1983 plaintiff must provide additional facts that give each individual defendant "fair notice of the claims against them and the grounds upon which they rest." *See Yah'Torah v. Harden*, No. 25-CV-960, 2026 WL 705486, at *2 (D.N.J. Mar.

13, 2026) (listing examples). White has not done so here; his excessive force claims rest almost entirely on the general allegation that the defendants as a group caused him to be subjected to "body punches."

Under the circumstances of this case, we do not find that further amendment would be futile or inequitable, so we will grant White one final opportunity to file an amended complaint. *See Vorchheimer v. Philadelphian Owners Ass'n*, 903 F.3d 100, 113 (3d Cir. 2018). In the amended complaint, he must provide facts to clarify his claim that defendants subjected him to "body punches . . . inconspicuously." White is advised that his subjective evaluations of the defendants' actions — *e.g.*, that they were "injudicious," "heinous," or "malicious" — are not facts that sustain a claim.[5]

## IV. Conclusion

Accordingly, **IT IS HEREBY ORDERED THAT** defendants' motion

---

[5] To the extent White contends that his medical condition or other factors limit his ability to describe the alleged attack in detail, that would not preclude him from pleading facts that state a claim for relief. For example, if he is claiming that the "8 defendants" all subjected him to "body punches," he should plainly allege so and explain the facts supporting his belief he was punched by eight different people. If he alleges that only some of the defendants punched him, but he is unable to identify which ones they were, he should allege so and specifically state the facts that explain why he believes that to be the case.

to dismiss (Doc. 28) is **GRANTED** to the following extent:

1. Because White's present complaint does not state a claim for relief, he shall file an amended complaint, consistent with the instructions above, within **30 days** of this order. Any amended complaint shall be limited to Eighth Amendment claims of excessive force premised on the July 13, 2025, incident. If White does not file an amended complaint, the case will be dismissed with prejudice.

2. The Clerk is **DIRECTED** to provide White with a copy of the Court's *pro se* prisoner complaint form.

3. Defendants' request to strike a portion of the complaint (Doc. 28) is **DENIED** as moot, without prejudice to any future request directed to an amended complaint.

4. Defendants' "Motion for a Rule to Show Cause Order" (Doc. 34) is **DENIED**.

Dated: October 21, 2026

*s/Joseph F. Saporito, Jr.*
JOSEPH F. SAPORITO, JR.
United States District Judge