**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| WILLIE WHITE,<br><br>Plaintiff,<br><br>v.<br><br>SGT. E. SUMMERVILLE, *et al.*,<br><br>Defendants. | CIVIL ACTION NO. 3:25-cv-02213<br><br>(SAPORITO, J.) |

# ORDER

Plaintiff Willie White has filed a third amended complaint arising from an incident in which he claims to have been assaulted by officers at SCI-Benner Township. (Doc. 39). He has also filed a "Motion to Procure and Review" surveillance footage of the alleged incident. (Doc. 37). For the following reasons, we will dismiss this case with prejudice pursuant to 28 U.S.C. § 1915A and deny his motion as moot.

## I. BACKGROUND

White asserts claims of excessive force arising from an incident at SCI-Benner Township on July 13, 2025. Initially, the Court permitted him to take limited discovery from the superintendent of the prison to identify defendants who were involved in this incident and directed

service of his amended complaint on those defendants[1]. *See* (Doc. 9, ¶ 5, Doc. 24).

**A. Dismissal of Second Amended Complaint**

On October 21, 2026, we dismissed White's second amended complaint. This complaint alleged that on July 13, 2025, White suffered a "diabetic episode" that caused him to lose consciousness. When he regained consciousness, he perceived "a strong suffocating odor and subjugating cough." He alleged that he was subjected to "profane, disparating [sic] language/overtures and deterrence being employed verbally and physically (as body punches are being deployed to the back of my person inconspicuously)." We construed him to allege that he was punched by one or more of the eight officers named as defendants.

In granting defendants' motion to dismiss the complaint, we explained that a plaintiff cannot sustain a constitutional claim with a vague allegation that "defendants" collectively punched him. Even if White was unconscious prior to the alleged assault and could not see his

---

[1] The defendants are Sgt. E. Summerville, CO1 W. Emigh, CO1 Beckly, CO1 McElwain, CO1 Gettig, CO1 C. Clark, CO1 A. McDowell, and CO1 O. Ortiz.

assailants' faces, he could plead additional facts potentially creating a "reasonable expectation that discovery [would] reveal evidence" to support his claims.[2] However, he could not bring excessive force claims against eight prison officers merely by stating that he was subjected to "deterrence employed verbally and physically" and "body punches" deployed "inconspicuously." Ultimately, he was permitted one final opportunity to file an amended complaint, limited to the alleged excessive force incident on July 13, 2025.[3]

**B. Third Amended Complaint**

White's third amended complaint essentially mirrors the language of its predecessor. As before, he claims to have suffered a "diabetic episode" in which he collapsed due to low blood sugar. As relevant to the excessive force claims, he alleges:

> I came to/awaken[ed] by a strong suffocating odor and subjugating cough that induced my thoughts of those of a nihilistic nature. From the profane, dispiriting language/overtures being employed verbally and

---

[2] *See* (Doc. 36 at 5-7) (quoting *Fowler v. UPMC Shadyside*, 578 F.3d 203, 213 (3d Cir. 2009)).

[3] Although White has criticized the way in which officers reacted to his diabetic episode, prior orders had explained why those allegations did not support a viable claim of deliberate indifference to his medical needs. *See* (Doc. 6 at 6-7; Doc. 24, ¶ 3).

> physically (as body punches were/are being deployed to my back inconspicuously) one would assume this as a malicious, wanton, heinous violation of policy and protocol when dealing with a diabetic, disabled, unresponsive person/inmate.

(Doc. 39 at 2). In addition, White now seeks to renew an Eighth Amendment claim premised on officers "neglecting to alert the appropriate medical personnel of my person being unresponsive." He requests monetary and injunctive relief, including "Criminal/Federal charges of the Hate Crime assault/abuse on a person with disabilities." (*Id.* at 3).

## II. Legal Standards

Under 28 U.S.C. § 1915A, the Court is obligated to screen a civil complaint in which a prisoner seeks redress from a governmental entity or an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a); *James v. Pa. Dep't of Corr.*, 230 Fed. App'x 195, 197 (3d Cir. 2007). The Court must dismiss the complaint if it is frivolous or fails to state a claim upon which relief may be granted. 28 U.S.C. § 1915A(b)(1). The Court has a similar obligation with respect to actions brought *in forma pauperis* and actions concerning prison conditions. *See* 28 U.S.C. § 1915(e)(2)(B)(i); *id.* § 1915(e)(2)(B)(ii); 42 U.S.C. § 1997e(c)(1); *see generally Banks v. Cty.*

*of Allegheny*, 568 F. Supp. 2d 579, 587-89 (W.D. Pa. 2008) (summarizing screening procedures and standards).

The legal standard for dismissing a complaint for failure to state a claim under § 1915A(b)(1), § 1915(e)(2)(B)(ii), or § 1997e(c) is the same as that for dismissing a complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. *Brodzki v. Tribune Co.*, 481 Fed. App'x 705, 706 (3d Cir. 2012) (per curiam); *Mitchell v. Dodrill*, 696 F. Supp. 2d 454, 471 (M.D. Pa. 2010); *Banks*, 568 F. Supp. 2d at 588. "Under Rule 12(b)(6), a motion to dismiss may be granted only if, accepting all well-pleaded allegations in the complaint as true and viewing them in the light most favorable to the plaintiff, a court finds the plaintiff's claims lack facial plausibility." *Warren Gen. Hosp. v. Amgen Inc.*, 643 F.3d 77, 84 (3d Cir. 2011) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555–56 (2007)). Although the Court must accept the fact allegations in the complaint as true, it is not compelled to accept "unsupported conclusions and unwarranted inferences, or a legal conclusion couched as a factual allegation." *Morrow v. Balaski*, 719 F.3d 160, 165 (3d Cir. 2013) (quoting *Baraka v. McGreevey*, 481 F.3d 187, 195 (3d Cir. 2007)). Because White proceeds *pro se*, his pleadings must be liberally construed and his

complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

## III. Discussion

Although White has attempted to revive his medical care claims, he was not permitted to plead any other claims in this amended complaint beyond his excessive force claims. *See* (Doc. 36 at 8, ¶ 1). Nonetheless, we note that these claims would not be viable for the reasons previously explained. Before he passed out, White allegedly told a non-party officer that he was "feeling as if his blood sugar was dropping," but he has not alleged that he said this to any defendant or that these non-medical defendants would have been responsible for providing medical care. He has not alleged facts supporting his conclusion that defendants "neglected to alert the appropriate medical personnel" after he passed out. There is no basis to infer any defendant's deliberate indifference to his medical needs or discrimination based on his alleged disability. *See Durham v. Kelley*, 82 F.4th 217, 225-29 (3d Cir. 2023).

As for his excessive force claims, our analysis of the prior complaint applies equally to this version. As previously explained, a Section 1983

plaintiff cannot rest on a general allegation that "defendants" collectively performed an action. *See Lawal v. McDonald*, 546 F. App'x 107, 113-14 (3d Cir. 2014); *Ojeda v. Louis Berger Grp.*, No. 18-CV-17233-KMBC, 2021 WL 941875, at *5 (D.N.J. Mar. 11, 2021) (explaining that "Section 1983 cases . . . are particularly inhospitable to collective allegations because a § 1983 action must allege personal involvement") (quotation and citations omitted). Because White has essentially repeated the same vague allegations that "body punches" were deployed against him "inconspicuously," these claims must also be dismissed.

We have also considered White's "motion to procure" surveillance video "in an evidentiary capacity to adduce the dynamics [of] his allegations." (Doc. 37). He does not specify what he thinks the video would show; regardless, he is not entitled to discovery on the merits unless he states a plausible claim for relief.[4] We permitted limited discovery for White to determine "who the relevant actors were" (*see*

[4] *See*, *e.g.*, *Dock v. Rush*, 432 F. App'x 130, 133-34 (3d Cir. 2011) (court did not err in "refusing . . . access to discovery before dismissing [the] amended complaint"); *Curran v. Venango Cnty.*, No. 1:23-CV-00019-SPB, 2023 WL 8374583 (W.D. Pa. Dec. 4, 2023) ("Plaintiff is not entitled to discovery until she alleges facts sufficient to elevate her claims above the speculative.").

*Alston v. Parker*, 363 F.3d 229, 236 (3d Cir. 2004)); however, we will not extend that discretion to allow him to fish for a possible claim against them that he cannot or will not describe.

In dismissing the complaint, we have again considered the "circumstances surrounding" the allegations, including the plaintiff's *pro se* status and his claims that he was unconscious and unable to see the alleged assailants' faces. *See Garrett v. Wexford Health*, 938 F.3d 69, 93 (3d Cir. 2019) (in evaluating a pleading under Rule 8, courts must consider "the availability of information, and other practical considerations"). For these reasons, we granted White this final opportunity to file a complaint and more clearly explained the type of detail that could support a claim under the circumstances he described. *See* (Doc. 36 at 5-7). Therefore, we cannot attribute the repeated deficiencies to White's *pro se* status or a misunderstanding of the pleading requirements.[5] Under these circumstances, we find that further amendment would be futile and dismiss the complaint without leave to

---

[5] A review of White's filings indicates that while he may not fully understand legal procedure, he is able to read legal filings and to respond by providing facts and arguments to support his position. *See, e.g.*, (Doc. 35) (response to defendants' motion arguing that the case should be dismissed for lack of prosecution).

amend. *See*, *e.g.*, *Jones v. Unknown D.O.C. Bus Driver & Transportation Crew*, 944 F.3d 478, 483 (3d Cir. 2019).

## IV. CONCLUSION

Accordingly, **IT IS HEREBY ORDERED THAT**:

1. White's complaint (Doc. 39) is **DISMISSED** with prejudice pursuant to 28 U.S.C. § 1915A.

2. White's "motion to procure" (Doc. 37) and duplicative application for *in forma pauperis* status (Doc. 40) are **DENIED** as moot.

3. The Clerk is **DIRECTED** to close this case.

Dated: November 20, 2026

*s/Joseph F. Saporito, Jr.*
JOSEPH F. SAPORITO, JR.
United States District Judge